# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

**THOMAS EDWARD BURKE, JR.**                                               **PLAINTIFF**

**v.**                                                 **CIVIL ACTION NO. 5:19-CV-P10-TBR**

**JAMES ERWIN, et al.**                                                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Thomas Edward Burke, Jr., filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, this action will be dismissed in part and allowed to continue in part, and Plaintiff will be given an opportunity to amend his complaint.

## I. SUMMARY OF CLAIMS

Plaintiff is an inmate at the Kentucky State Penitentiary (KSP). He names as Defendants in their individual and official capacities Kentucky Department of Corrections Commissioner James Erwin; Correct Care Solutions (CCS), the medical care provider at KSP; and Nurse Nancy Raines. He alleges that he has had a continuous positive air pressure (CPAP) machine to use since 1996 including the years he has been at KSP, *i.e.*, 2006 to the present. He alleges that Defendant Raines has refused to order "seriously needed parts" to keep his CPAP machine working. He states that Defendant Raines knows that he suffers from the serious medical conditions sleep apnea and asthma. He alleges that Defendant Raines' deliberate indifference to his sleep apnea causes him to feel very tired with muscle and joint pain. He also alleges that

Defendant Raines is interfering with the treatment ordered by his doctor by not ordering the supplies needed to run the CPAP machine.

A couple of weeks after he initiated this civil action, Plaintiff refiled his complaint on this Court's approved form. On that complaint form (DN 1-4), Plaintiff adds an allegation that he was released from his prison job because he filed this complaint in court.

As relief, Plaintiff requests monetary and punitive damages and injunctive relief in the form of ordering Defendants to provide him with the needed parts for his CPAP machine.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Claim against Commissioner Erwin*

The complaint does not mention Defendant Erwin except to explain that he is "responsible for the overall operations of the Department and each institution under his jurisdiction, including [KSP]."

The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995). Additionally, "simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003). "[P]roof of personal involvement is required for a supervisor to incur personal liability." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (stating that supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'") (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Thus, for a supervisor such as Defendant Erwin to be held liable under § 1983, Plaintiff must allege that Defendant Erwin was personally involved in the alleged unconstitutional conduct. Plaintiff does not do so, and, therefore, fails to state a claim against this Defendant.

*Retaliation claim*

Plaintiff alleges that he lost his prison job because he filed this case. He does not state who was responsible for removing him from his job or any other details. The Court will allow Plaintiff to amend his complaint to name the person(s) responsible for the alleged retaliation and provide any other details.

*Remaining claims*

The Court assumes for purposes of this initial review that Plaintiff's need for a working CPAP machine is a serious medical need. The Court will allow Plaintiff's deliberate-indifference claim against Defendant Raines in her individual capacity to go forward.

The Court will dismiss Plaintiff's official-capacity claim against Defendant Raines and his claim against CCS. It appears from the complaint that Defendant Raines must be employed by CCS, the medical provider. "Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell*, 436 U.S. at 691 n.55). Thus, the official-capacity claim against Defendant Raines is in actuality brought against CCS.

The Sixth Circuit has held that the analysis that applies to § 1983 claims brought against municipalities applies to private corporations contracted to provide medical services to inmates, like CCS. *See, e.g.*, *Parsons v. Caruso*, 491 F. App'x 597, 609 (6th Cir. 2012) (recognizing that a "*Monell* custom or policy claim" can be brought under § 1983 against a private corporation that provides medical care to inmates); *Braswell v. Corr. Corp. of Am.*, 419 F. App'x. 622, 627 (6th Cir. 2011) (applying *Monell's* municipal liability standard to the private corporation that had been contracted to operate a jail) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). That standard requires analysis of two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether CCS is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120, 112 (1992). With regard to the second prong, CCS cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a CCS policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

In other words, the policy or custom "must be 'the moving force of the constitutional violation' in order to establish" § 1983 liability. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Here, Plaintiff makes no allegation that the alleged constitutional deprivation resulted from a policy or custom of CCS. Consequently, the claims against CCS and Defendant Raines in her official capacity will be dismissed for failure to state a claim upon which relief may be granted.

### III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's claims against Defendants Erwin and CCS and against Defendant Raines in her official capacity are **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk of Court is **DIRECTED** to terminate Defendants James Erwin and Correct Care Solutions as parties to this action.

**IT IS FURTHER ORDERED** that **within 30 days** of entry of this Memorandum Opinion and Order Plaintiff may file an amended complaint naming the person(s) allegedly responsible for his termination from his job in retaliation for filing this lawsuit. The Clerk of Court is **DIRECTED** to send to Plaintiff a copy of the prisoner § 1983 form with this case number and "AMENDED" affixed thereto.

Once that 30-day period has expired the Court will conduct initial review of the amended complaint, if one is filed, and enter an order governing service and setting deadlines for the development of the remaining claims.

Date: May 14, 2019

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
      Defendants
4413.009

6