# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

**THOMAS EDWARD BURKE, JR.**                                           **PLAINTIFF**

**v.**                                                 **CIVIL ACTION NO. 5:19-CV-P10-TBR**

**JAMES ERWIN, et al.**                                                                  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Thomas Edward Burke, Jr., filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. On initial screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007), some claims were dismissed, Plaintiff's individual-capacity claim against Defendant Nancy Raines[1] for deliberate indifference was allowed to continue, and Plaintiff was given an opportunity to amend his complaint to name Defendants responsible for alleged retaliation against him.

**I.**

Plaintiff filed his amended complaint (DN 15) naming KSP case workers Amy Fischer and James Harris in their individual and official capacities regarding the alleged retaliation against him. The Court will allow the retaliation claim against these Defendants in their individual capacities to continue. As set forth below, the Court will dismiss the official-capacity claims.

**II.**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the

---

[1] Defendant Raines is an employee of Correct Care Solutions, the medical provider at Kentucky State Penitentiary (KSP).

Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Eleventh Amendment "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments," *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993), unless Congress has validly abrogated the state's immunity or the state has waived its immunity. *Nev. Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 726 (2003). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991).

"This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). The

Eleventh Amendment, therefore, bars this § 1983 action against Defendants Fischer and Harris in their official capacities for damages.[2]

### III.

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's official-capacity claims against Defendants Fischer and Harris are **DISMISSED** for seeking monetary relief from Defendants immune from such relief pursuant to 28 U.S.C. § 1915A(b)(2).

The Court will enter a separate Order Directing Service and Scheduling Order to govern the remaining claims in this action, *i.e.*, the individual-capacity claims against Defendant Raines for deliberate indifference and against Defendants Fischer and Harris for retaliation.

Date: July 1, 2019

Thomas B. Russell, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
　　Defendants
　　General Counsel, Justice & Public Safety Cabinet
4413.009

---

[2] Plaintiff does not seek injunctive relief involving his retaliation claim.