UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:19-CV-10-TBR-LLK

THOMAS EDWARD BURKE, JR.,                                          PLAINTIFF

v.

JAMES ERWIN, *et al.*,                                                            DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on several motions. First, Plaintiff Thomas Edward Burke, Jr. filed a Motion for Default Judgment, [DN 50], to which Defendant Nancy Raines responded, [DN 51], and Plaintiff replied, [DN 55]. Second, Plaintiff filed a Motion to Deny Defendant's Motion for Summary Judgment, [DN 53]. Defendant did not respond and the deadline to do so has passed. Third, Plaintiff filed a Motion to Amend Complaint, [DN 56], to which Defendant responded, [DN 57]. Finally, Plaintiff filed a Motion for Jury Trial, [DN 61], to which Defendant responded, [DN 62]. These matters are ripe for adjudication. For the reasons set forth herein, Plaintiff's Motion for Default Judgment, [DN 50], is DENIED; the Motion to Deny Defendant's Motion for Summary Judgment, [DN 53], is DENIED as moot; the Motion to Amend Complaint, [DN 56], is DENIED; and the Motion for Jury Trial, [DN 61], is DENIED with leave to refile.

**BACKGROUND**

Plaintiff, an inmate at the Kentucky State Penitentiary ("KSP"), brought this action alleging various claims related to medical treatment for his sleep apnea and asthma. [DN 1]. On initial screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), some of Plaintiff's claims were dismissed, but his individual-capacity claim against Defendant Nancy Raines for deliberate indifference was allowed to continue. [DN 11]. Plaintiff then filed an amended complaint alleging KSP workers Amy Fisher and James Harris in their

1

individual and official capacities retaliated against him for exercising his First Amendment rights. [DN 15]. The Court allowed the retaliation claims against Fisher and Harris in their individual capacities to continue, but dismissed the official-capacity claims. [DN 18]. Subsequently, the Court granted Fisher and Harris's motion for summary judgment and the claims against them were dismissed. [DN 48]. Accordingly, only Plaintiff's claims against Defendant Raines remain.

## DISCUSSION

### I. Motion for Default Judgment

First, the Court will address Plaintiff's Motion for Default Judgment against Defendant Raines. [DN 50]. Federal Rule of Civil Procedure 55(a) states: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). In support of his motion for entry of default, Plaintiff claims that "No [d]ocuments or other defense has been filed by the defendant." [DN 50]. However, Defendant Raines filed an answer to Plaintiff's Complaint, [DN 25], participated in discovery, [DN 43], and has responded to several of Plaintiff's motions, [DN 44, 51, 57, 62]. Since Defendant has not failed to plead or otherwise defend the lawsuit, Plaintiff's Motion for Default Judgment, [DN 50], is DENIED.

### II. Motion to Deny Defendant's Motion for Summary Judgment

Next, Plaintiff filed a motion requesting the Court deny defendant's motion for summary judgment. [DN 53]. However, Defendant Raines has not filed a motion for summary judgment. Accordingly, Defendant's motion, [DN 53], is DENIED AS MOOT.

### III. Motion to Amend Complaint

Plaintiff also filed a Motion to Amend his Complaint. [DN 56]. Federal Rule of Civil Procedure 15(a)(1) permits a party to "amend its pleading once as a matter of course within 21

days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." However, where that time has passed, Rule 15(a)(2) provides that, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." While the Federal Rules encourage a liberal construction of Rule 15, it may be appropriate to deny leave to amend a complaint "where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Miller v. Champion Enters., Inc.*, 346 F.3d 660, 690 (6th Cir. 2003).

"A court can deny a motion for leave to amend a complaint when granting the motion would be futile; for example, if the amended complaint would not survive a motion to dismiss." *Halcomb v. Black Mountain Resources, LLC*, 303 F.R.D. 496, 500 (E.D. Ky. 2014) (citing *Hoover v. Langston Equip. Assocs.*, 958 F.2d 742, 745-46 (6th Cir. 1992)); *see also Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (explaining that "[a] proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."). This standard is a much more lenient one than that of summary judgment, and proposed amendments should not be examined under the latter, more demanding standard. *See Rose*, 203 F.3d at 420 (noting that "[t]he test for futility ... does not depend on whether the proposed amendment could potentially be dismissed on a motion for summary judgment...."). Here, Defendant argues that Plaintiff's proposed Fourteenth Amendment claim is futile and that this Court should deny the instant motion accordingly. [DN 57].

Plaintiff claims his Fourteenth Amendment rights were violated by the Prison's "policy that limits the ability of the plaintiff to keep and use his CPAP Breathing Machine." [DN 56 at 307]. The Kentucky Corrections Health Care Services Protocol governs "the provision of health care prosthetics and durable medical equipment to inmates." [DN 56-1 at 311]. Pursuant to this policy, prosthetic devices provided to inmates become personal property of the inmate when they are released from custody. *Id.* However, the policy provides that CPAP machines will not be given to inmates upon release. *Id.* at 314. Defendant argues that Plaintiff's Fourteenth Amendment claim based upon this protocol is futile because "Plaintiff has no right under the Fourteenth Amendment or any other law to receive a free CPAP machine when he is released from custody." [DN 57 at 318]. The Court agrees. Prisons have no "constitutional duty to provide medical care to an inmate after he is released." *Hamilton v. Singleton*, No. 4:13-CV-04038, 2015 WL 1004343, at *3 (W.D. Ark. Mar. 5, 2015), *aff'd*, 683 F. App'x 543 (8th Cir. 2017); *Couch v. Wexler*, No. CIV.A. 1:06-CV-1998R, 2007 WL 2728987, at *7 (N.D. Ga. Sept. 13, 2007) (rejecting plaintiff's argument that prison has constitutional duty to provide medical care to inmates after they are released); *Stai v. Deshane*, 183 F. Supp. 3d 937, 948 (D. Minn. 2016) ("Once an inmate is released, however, the obligation to provide medical care necessarily terminates, as the inmate is then able to fend for himself."). Therefore, Plaintiff's Fourteenth Amendment claim is futile and his Motion to Amend Complaint, [DN 56], is DENIED.

IV. **Motion for Jury Trial**

Finally, Plaintiff filed a Motion for Jury Trial. [DN 61]. In response, Defendant requests the Court deny Plaintiff's motion until outstanding discovery issues are resolved and the Court has ruled on any dispositive motions. [DN 62 at 342]. Given the current global health pandemic and the effect it is having on the Court's schedule, the Court finds that it would be more efficient to

discuss potential trial dates after it has ruled on any dispositive motions. Accordingly, Defendant's Motion for Jury Trial, [DN 61], is DENIED with leave to refile after the Court has ruled on Defendant's dispositive motions.

## CONCLUSION

For the reasons set forth herein, **IT IS HEREBY ORDERED:** Plaintiff's Motion for Default Judgment, [DN 50], is **DENIED**; the Motion to Deny Defendant's Motion for Summary Judgment, [DN 53], is **DENIED as moot**; the Motion to Amend Complaint, [DN 56], is **DENIED**; and the Motion for Jury Trial, [DN 61], is **DENIED with leave to refile.**

**IT IS SO ORDERED.**

**Thomas B. Russell, Senior Judge**
**United States District Court**

March 31, 2020

CC: Attorneys of Record

Thomas Edward Burke, Jr.
183573-
LUTHER LUCKETT CORRECTIONAL COMPLEX
P. O. Box 6
LaGrange, KY 40031
PRO SE