UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DVISION
CIVIL ACTION NO. 5:19-CV-10-TBR-LLK

THOMAS EDWARD BURKE, JR.,                                                PLAINTIFF

v.

JAMES ERWIN, *et al*.,                                                DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court on several motions. First, Defendant Nancy Raines filed a Motion for Summary Judgment, [DN 77], and a corresponding Motion for Leave to Seal, [DN 78]. Additionally, *pro se* Plaintiff Thomas Edward Burke, Jr. filed three Motions for Default Judgment, [DN 65, 70, 75], a Motion for Trial, [DN 71], a Motion to Appoint Counsel, [DN 84], and a Motion to Dismiss, [DN 88]. These matters are ripe for adjudication. For the reasons set forth herein, Defendant's Motion for Summary Judgment, [DN 77], is GRANTED; Defendant's Motion for Leave to Seal, [DN 78], is GRANTED; Plaintiff's Motions for Default Judgment, [DN 65, 70, 75], are DENIED; and Plaintiff's remaining motions, [DN 71, 84, 88], are DENIED AS MOOT. The Court will enter an order and judgment contemporaneous to this Memorandum Opinion.

## BACKGROUND

While incarcerated at Kentucky State Penitentiary ("KSP"), Plaintiff brought this action alleging various claims related to medical treatment for his sleep apnea and asthma. [DN 1]. On initial screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007), some of Plaintiff's claims were dismissed, but his individual-capacity claim against Defendant Nancy Raines for deliberate indifference was allowed to continue. [DN 11]. Plaintiff then filed an amended complaint alleging KSP workers Amy Fisher and James Harris in their individual and official

capacities retaliated against him for exercising his First Amendment rights. [DN 15]. The Court allowed the retaliation claims against Fisher and Harris in their individual capacities to continue, but dismissed the official-capacity claims. [DN 18]. Subsequently, the Court granted Fisher and Harris's motion for summary judgment and the claims against them were dismissed. [DN 48]. Accordingly, only Plaintiff's claims against Defendant Raines remain.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986). The Court "may not make credibility determinations nor weigh the evidence when determining whether an issue of fact remains for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Logan v. Denny's, Inc*., 259 F.3d 558, 566 (6th Cir. 2001); *Ahlers v. Schebil*, 188 F.3d 365, 369 (6th Cir. 1999)). "The ultimate question is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Back v. Nestlé USA, Inc.*, 694 F.3d 571, 575 (6th Cir. 2012) (quoting *Anderson*, 477 U.S. at 251–52). The moving party must shoulder the burden of showing the absence of a genuine dispute of material fact as to at least one essential element of the nonmovant's claim or defense. Fed. R. Civ. P. 56(c); *see also Laster*, 746 F.3d at 726 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Assuming the moving party satisfies its burden of production, the nonmovant "must—by deposition, answers to interrogatories, affidavits, and admissions on

file—show specific facts that reveal a genuine issue for trial." *Laster*, 746 F.3d at 726 (citing *Celotex Corp.*, 477 U.S. at 324).

Additionally, the Court acknowledges that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complainants, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), nor to create a claim for a *pro se* plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

## DISCUSSION

### I. Motion for Summary Judgment

Plaintiff filed the current *pro se* action pursuant to 42 U.S.C. § 1983 claiming Defendant Raines violated his Eighth Amendment rights by demonstrating deliberate indifference to a serious medical need while he was incarcerated at KSP. [DN 1 at 3].  According to the Complaint, Plaintiff suffers from sleep apnea and asthma which require him to use a continuous positive air pressure ("CPAP") machine. *Id.* He alleges that Defendant was aware of his conditions, but refused to order "seriously needed parts" to keep his CPAP machine working. *Id.* Additionally, Plaintiff claims Defendant interfered with the treatment ordered by his doctor by not ordering the supplies needed to run the CPAP machine. *Id.* at 5. Plaintiff claims that Defendant's deliberate indifference to his sleep apnea causes him to feel very tired with muscle and joint pain. *Id.* at 4.

In her Motion for Summary Judgment, Defendant asserts that Plaintiff's claims are barred by the Prison Litigation Reform Act for failure to exhaust administrative remedies. [DN 77 at 611]. The Prison Litigation Reform Act ("PLRA") bars a civil rights action challenging prison conditions until the prisoner exhausts "such administrative remedies as are available." 42 U.S.C.

§ 1997e(a); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones*, 549 U.S. at 218–19. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). However, "failure to exhaust administrative remedies under the PLRA is an affirmative defense that must be established by the defendants." *Napier v. Laurel Cty. Ky.*, 636 F.3d 218, 225 (6th Cir. 2011) (citing *Jones*, 549 U.S. at 204).

Pursuant to the Kentucky Corrections Policies and Procedures, "[t]he health care grievance process shall be used for grievances concerning health care concerns including medical, dental or mental health care services involving access to or the quality of these services." [DN 77-3 at 469]. Step One of the health care grievance process requires inmates to file a grievance about a specific health care incident within five business days after the incident occurs. *Id.* "After the grievance has been properly filed, an attempt to resolve the problem shall be made through informal means." *Id.* at 470. If the matter cannot be solved informally, the grievant may submit a written appeal to the Health Care Grievance Committee within five business days. *Id.* at 470–71. The Health Care Grievance Committee shall meet and make a recommendation on the grievance within fifteen business days. *Id.* at 471. If the grievant is dissatisfied, he has three business days to appeal the decision for final administrative review, in which case the Medical Director will review the grievance and make a final decision within twenty business days. *Id.* at 741–72.

According to facility records, Plaintiff filed nine grievances while incarcerated at KSP. [DN 77-2 at 454]. Two of these grievances involved Defendant Raines. On January 8, 2018,

Plaintiff filed Grievance Number 18-01-039-G alleging that medical staff have repeatedly failed to provide the distilled water and white vinegar needed to clean his CPAP machine. [DN 77-2 at 434]. Specifically, Plaintiff stated, "Medical staff has repeatedly given excuses, like it hasn't come in yet, Medical Staff misplaced it, or even Better Medical Staff member Nancy Raines left it in her car!" *Id.* On January 11, 2018, Defendant Raines provided an informal resolution to the grievance stating: "Mr. Burke, distilled water is not required to clean your machine. The Sleep Apnea Society guidelines for cleansing machines is use of warm water- not distilled water or sterile water. The vinegar is to clean the filter and is for odor control." [DN 77-2 at 435]. Roger Mitchell, the Grievance Coordinator at KSP, submitted an affidavit stating that Plaintiff did not appeal the informal resolution of this grievance. [DN 77-4 at 483].

Additionally, on January 26, 2018, Plaintiff filed Grievance Number 18-01-145-G claiming Defendant Raines refused to order the necessary supplies for his CPAP machine. [DN 77-2 at 431]. On January 30, 2018, Grievance Coordinator Dan Smith rejected the grievance as repetitious of the January 8th grievance. *Id.* at 430. Plaintiff was advised to seek relief through Grievance Number 18-01-039-G. *Id.* According to Roger Mitchell, Plaintiff did not appeal the denial of this grievance. [DN 77-4].

Defendant argues "Plaintiff failed to exhaust administrative remedies regarding his deliberate indifference claim against Defendant Raines because Plaintiff did not appeal the grievances related to Raines and his CPAP machine." [DN 77 at 611]. Plaintiff did not address Defendant's exhaustion argument in his response. [DN 83]. However, in a subsequent motion, Plaintiff argues he properly exhausted his administrative remedies because he filed a grievance but it was denied. [DN 88 at 655]. Moreover, Plaintiff emphasizes that he filed a complaint regarding

these issues in state court and after the case was dismissed, he appealed the decision to the Kentucky Court of Appeals. *Id.*

The Court finds that Plaintiff did not properly exhaust his administrative remedies as required by the PLRA. Plaintiff filed two grievances relating to Defendant's alleged failure to provide appropriate medical supplies. The first grievance was resolved informally, and the second grievance was denied as repetitious. Pursuant to Kentucky Corrections Policies and Procedures, Plaintiff could have appealed both decisions, yet he chose not to do so. Therefore, Plaintiff did not "complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law," *Jones*, 549 U.S. at 218–19, and his Eighth Amendment claim against Defendant must be DISMISSED.

## II. Remaining Claims

Plaintiff has filed three motions for default judgment on the basis that no answer or other defense has been filed in this action. [DN 65, 70, 75]. However, Defendant Raines filed an answer to Plaintiff's Complaint, [DN 25], participated in discovery, [DN 43], responded to several of Plaintiff's motions, [DN 44, 51, 57, 62], and filed a motion for summary judgment, [DN 77]. Since Defendant has not failed to plead or otherwise defend the lawsuit, Plaintiff's motions for default judgment, [DN 65, 70, 75], are DENIED.

Additionally, Plaintiff filed a motion for trial, [DN 71], a motion to appoint counsel, [DN 84], and a motion to dismiss Defendant's motion for summary judgment, [DN 88]. Given that the Court has dismissed Plaintiff's Eighth Amendment claim against Defendant, these motions, [DN 71, 84, 88] shall be DENIED AS MOOT.

Finally, Defendant filed a motion to file Plaintiff's medical records under seal in order to protect Plaintiff's privacy rights pursuant to the Health Information Portability and Accountability Act ("HIPAA"). [DN 78]. This motion is GRANTED.

## CONCLUSION

For the reasons set forth herein, Defendant's Motion for Summary Judgment, [DN 77], is GRANTED; Defendant's Motion for Leave to Seal, [DN 78], is GRANTED; Plaintiff's Motions for Default Judgment, [DN 65, 70, 75], are DENIED; and Plaintiff's remaining motions, [DN 71, 84, 88], are DENIED AS MOOT. The Court will enter an order and judgment contemporaneous to this Memorandum Opinion.

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

August 14, 2020

CC: Attorneys of Record

Thomas Edward Burke, Jr.
183573-
LUTHER LUCKETT CORRECTIONAL COMPLEX
1612 Dawkins Road
LaGrange, KY 40031
PRO SE